UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN P. GRIFFIN,<br><br>    Plaintiff,<br><br>  v.<br><br>ASHLEY SUMI, et al.,<br><br>    Defendants. | NO. 2:16-CV-00311-JLQ<br><br>ORDER RE: REPORT AND RECOMMENDATION AND CLOSING FILE |

BEFORE THE COURT is the Report and Recommendation (ECF No. 4, "Report") of Magistrate Judge Rodgers. On October 4, 2016, Magistrate Judge Rodgers issued the Report recommending closing the file of this matter because Plaintiff failed to respond to Magistrate Judge Rodgers' Order Denying Application to Proceed *In Forma Pauperis* (ECF No. 3). Plaintiff did not file an objection to the Report.

On August 31, 2016, Plaintiff submitted his Complaint (ECF No. 2) and an application to proceed *in forma pauperis* (ECF No. 1). On September 2, 2016, Magistrate Judge Rodgers issued an Order Denying Plaintiff's application to proceed *in forma pauperis* because Plaintiff failed to provide the required information concerning his other cases identified in Question No. 9. (ECF No. 3). This court observes Plaintiff also failed to list all of his filed cases. *See* (ECF No. 1). Plaintiff was directed, within 30 days, to: (1) pay the full filing fee; (2) show cause why prepayment would be inappropriate; or (3) submit a properly completed application to proceed *in forma pauperis*. (ECF No. 4). To date, Plaintiff has not taken any of the three actions identified above.

When a magistrate judge issues a report and recommendation, the district court

ORDER - 1

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "shall make a de novo determination of those portions of the report ... or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Plaintiff made no objection to the Report and has taken no action to comply with Magistrate Judge Rodgers' Order, such as submitting a properly completed application or tendering the filing fee. The undisputed evidence shows Plaintiff submitted an incomplete application, it was denied, and Plaintiff has not attempted to remedy the errors since the Order Denying Application to Proceed *In Forma Pauperis* was entered. Despite Plaintiff's lack of objection, the court has reviewed the Report *en toto* and finds closing the file in this matter is appropriate for failure to comply with the court's Order and also for failure to prosecute under Fed.R.Civ.P. 41(b). The court adopts the Report and closes this file for the reasons set forth therein. However, had Plaintiff presented a complete application to proceed *in forma pauperis*, the Complaint would be dismissed as frivolous and malicious. For the reasons set forth below, the court finds the claims presented in the Complaint are frivolous and malicious.

Pursuant to 28 U.S.C. § 1915(a), a district court "may authorize the commencement ... of any suit ... without prepayment of fees... by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person in unable to pay such fees or give security therefor." *See also*, *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (holding the statute applies to all persons, not just prisoners)). However, "the court shall dismiss the case at any time if the court determines ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact.

ORDER - 2

[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The court may dismiss a claim when it is "based on an indisputably meritless legal theory" or when "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The "critical inquiry" is whether any of the claims have "an arguable basis in law and fact." *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31.

A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In considering whether a complaint is frivolous, "the *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." (*Id.*) (quoting *Neitzke*, 490 U.S. at 327).

"A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotation marks and citation omitted). In determining whether a case is malicious, the court "must engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendants." *Deutsch v. U.S.*, 67 F.3d 1080, 1086 (3d Cir. 1995). "One of the hallmarks of malicious litigation is the filing of an action that repeats former or pending litigation." *Hartsoe v. Doyle*, 2015 WL 2095657 at *7 (D. Mont. May 5, 2015) (citing *Phillips v. Carey*, 638 F.2d 207, 208-09 (10th Cir. 1981); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975)).

Plaintiff alleged federal question jurisdiction and instead of stating the right(s) allegedly violated, set forth questions of his own: "A. What is cyberstalking? B. What is

ORDER - 3

harassment? C. What is child porn? D. How can the U.S. Constitution protect a credit card user from hotel and motel employees who steal credit card numbers?" (ECF No. 2 at 3). Plaintiff alleged more "federal questions" related to crime check and 911. (ECF No. 2 at 3). This demonstrates Plaintiff's clear misunderstanding regarding the nature of these proceedings. He also asserted this district was not the proper venue for his "federal questions" because "the highest court in the land should review all of the federal questions I have." (ECF No. 2 at 4).

Plaintiff's factual allegations are unconnected and rambling. (ECF No. 2 at 4-6). First, Plaintiff alleged he made "11 IC3 complaints" in Summer 2014 because Microsoft Word was not working correctly. (ECF No. 2 at 4). Next, Plaintiff asserted an "unknown stalker lives in the apartment." (ECF No. 2 at 5). Plaintiff also alleged, without any factual basis, employees from two different motels are giving credit card numbers to other individuals. (ECF No. 2 at 5). Additionally, Plaintiff alleged he was attacked at the Motel 6 in Airway Heights, Washington, and 911 was called. (ECF No. 2 at 5). He asserted Motel 6 "didn't have enough security cameras at that location." (ECF No. 2 at 6). Plaintiff also alleged the Spokane Police Department is "using words like harassment instead of cyberstalking." (ECF No. 2 at 6). Lastly, Plaintiff asserted neither 911 or crime check will give an incident number when Plaintiff calls them. (ECF No. 2 at 6).

Plaintiff's factual allegations are baseless and frivolous. The allegations regarding Microsoft Word not working lack any basis for a claim for relief. Plaintiff's allegations against Motel 6 are without foundation and do not support any cognizable claim for relief. The incident report attached to the Complaint demonstrates the fanciful nature of Plaintiff's cyberstalking allegations. (ECF No. 2 at 8).

Additionally, many of the claims are malicious. The cyberstalking claims have been raised by Plaintiff in other cases and their repetition herein is malicious. *See Griffin v. The National 911 System*, No. 2:16-CV-00206-JLQ; *Griffin v. Spokane Police Department*, No. 2:16-CV-00207-JLQ. The court finds the Complaint frivolous and malicious and no amendment would cure the baseless claims contained therein.

ORDER - 4

The court also observes Plaintiff has filed eight other cases which contain similar allegations of a sparse, conclusory, and fanciful nature. It appears Plaintiff deems it appropriate to file a new lawsuit whenever he is unhappy or dissatisfied with another person's actions. This defies the purpose of civil lawsuits and takes up the court's time addressing frivolous and malicious claims. Plaintiff is warned a litigant who burdens the court with repetitive and frivolous litigation runs the risk of being declared a vexatious litigant. *See Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047 (9th Cir. 2007). This court is considering initiating such a process in light of Plaintiff's conduct and allegations in all of the pending cases, including the instant matter.

**IT IS HEREBY ORDERED**:

1. The Report and Recommendation dated October 4, 2016 (ECF No. 4), is **ADOPTED IN FULL**.

2. The court finds the Complaint (ECF No. 2) and the claims and factual allegations contained therein are frivolous and baseless.

**IT IS SO ORDERED**. The Clerk is directed to enter this Order, furnish a copy to Mr. Griffin, and close this file.

Dated October 21, 2016.

                      s/ Justin L. Quackenbush
                      JUSTIN L. QUACKENBUSH
      SENIOR UNITED STATES DISTRICT JUDGE